PD-0734-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/6/2017 1:38 PM
Accepted 10/9/2017 10:00 AM
DEANA WILLIAMSON
CLERK

NO. PD-0734-17

IN THE

FILED
COURT OF CRIMINAL APPEALS
10/9/2017
DEANA WILLIAMSON, CLERK

# COURT OF CRIMINAL APPEALS

OF TEXAS
AUSTIN, TEXAS

_____

# EX PARTE RUSSELL BOYD RAE,

APPELLANT

V.

THE STATE OF TEXAS,
APPELLEE

_____

# BRIEF FOR APPELLANT

_____

NO. 06-17-00063-CR
COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA

_____

On appeal from Cause Number F14-689-A
In the 276TH District Court of Marion County, Texas
Honorable Robert Rolston, Judge Presiding

Hough-Lewis ("Lew") Dunn
P.O. Box 2226
Longview, TX 75606
Tel. 903-757-6711
Fax 903-757-6712
Email: dunn@texramp.net
Texas State Bar No. 06244600
Attorney for Appellant

**IDENTITY OF PARTIES AND COUNSEL**

In compliance with Rule 68.4, TEX. R. APP. PROC., following are the identities of the trial court judge, all parties to the judgment appealed from, and the names and addresses of all trial and appellate counsel:

Parties

Russell Boyd Rae, Appellant

The State of Texas, Appellee

Trial Court Judge

Hon. Robert Rolston
Presiding Judge, 276th District Court
Marion County, Texas

Trial and Appellate Counsel

William K. Gleason, Attorney at Law
P.O. Box 888
Jefferson, TX 75657
Counsel for Appellant at trial

James R. ("Rick") Hagan, Attorney at Law
P. O. Box 3347
Longview, TX 75606
Counsel for Appellant in Probation Revocation and Habeas at Trial Court

Angela Smoak
County & District Attorney of Marion County
102 West Austin, Room 201
Jefferson, TX 75657
Trial Counsel for the State of Texas, Appellee

**IDENTITY OF JUDGE, PARTIES, AND COUNSEL (CONT'D)**

Hough-Lewis ("Lew") Dunn
Attorney at Law
P.O. Box 2226
Longview, TX75606
Counsel for Appellant on Appeal

Ricky Shelton
Assistant County Attorney
102 West Austin, Room 201
Jefferson, TX 75657
Counsel for State on Appeal

Stacey M. Soule
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711-3046

**TABLE OF CONTENTS**

PAGE

IDENTITY OF PARTIES AND COUNSEL ………………………………………… ii

TABLE OF CONTENTS ……………………………………………………. iv

INDEX OF AUTHORITIES ………………………………………………. vi

STATEMENT OF THE CASE ……………………………………………. viii

STATEMENT REGARDING ORAL ARGUMENT ………………………………. viii

SOLE ISSUE PRESENTED ………………………………………………. ix

STATEMENT OF FACTS ………………………………………………. 1

     Guilty Plea ………………………………………………. 1

     State's Petition to Revoke Probated Judgment ……………….. 2

     Hearing on Application for Writ of Habeas Corpus and …… 2
     Motion to Quash

     Appeal ………………………………………………. 3

SUMMARY OF THE ARGUMENT ………………………………………. 4

ARGUMENT ………………………………………………………. 5

PAGE

SOLE ISSUE, RESTATED: ……………………………………………………….    5

DID THE COURT OF APPEALS ERR IN FINDING THAT THE
PRIOR CONVICTION FOR OPERATING A WATERCRAFT
WHILE INTOXICATED WAS A FINAL CONVICTION?

    Part I. The Texas Parks & Wildlife Code is Different…………    5

    Part II. Analysis of the Differences Between ………………………    8
         Texas Parks & Wildlife and Texas Penal Code

    Part III. The Court of Appeals Did Not Grasp the Distinction    10

    Part IV.  Application of Law of the Case or *Stare Decisis*    11

    Part V.  Conclusion ……………………………………………………    13

PRAYER FOR RELIEF …………………………………………………………..    14

CERTIFICATE OF SERVICE …………………………………………………...    15

CERTIFICATE OF COMPLIANCE ……………………………………………….    16

APPENDICES
    APPENDIX A: Information and Judgment in Cause No. 6513

    APPENDIX B: TEX. PARKS & WILD. CODE §31.097

    APPENDIX C: TEX. PARKS & WILD. CODE §31.097
        as amended, effective 9-1-91

    APPENDIX D: TEX. PARKS & WILD. CODE §31.097
        Repealing Legislation, 1993

# INDEX OF AUTHORITIES

CASES                                                                                   PAGE

*Ex parte Langley,* 833 S.W.2d 141 (Tex. Crim. App. 1992) ………….        10

*Ex parte Murchison*, 560 S.W.2d 654 (Tex. Crim. App. 1978) ……..       6, 9

*Ex parte Russell Boyd Rae*, No. 74,840  ……………………………………        11, 12, 13
     (Tex. Crim. App. 2003)

*Ex parte Russell Boyd Rae*, 2017 Tex. App. LEXIS 5325 ………………        3, 10
     (Tex. App. – Texarkana, June 13, 2017)

*Ex parte Serrato*, 3 S.W.3d 41 (Tex. Crim. App. 1999) ………………..        7

*Nixon v. State*, 153 S.W.3d 550 ……………………………………………………        10
     (Tex. App. – Amarillo 2004, pet. ref'd)

*Rizo v. State*, 963 S.W.2d 137 (Tex. App. – Eastland 1997, no pet.)        11

*State v. Swearingen*, 478 S.W.3d 718 (Tex. Crim. App. 2015) ……..        13

*Swearingen v. State*, 424 S.W.3d 32 (Tex. Crim. App. 2014) ………..        13

STATUTES AND RULES

ACTS OF TEXAS LEGISLATURE

     Chapter 900,  §1.18(b), 1993 …………………………………………..        9, 11

TEX. CODE CRIM. PROC.

     11.072 ……………………………………………………………………….        2

TEX. PENAL CODE

§49.06 …………………………………………………….. 9

§49.09(a) …………………………………………………. 6

§49.09(b)(2) ……………………………………………… 4, 7, 10

§49.09(c)(3)(C) ………………………………………………… 4, 8

§49.09(d) ……………………………………………….. 10

TEX. PARKS & WILD. CODE

§31.097 ……………………………………………….. 5, 8, 9

§31.097(b) …………………………………………………. 4, 5

§31.097(c) …………………………………………………. 5

VERNON'S ANNOTATED CIVIL STATUTES

Art. 6701*l*-1 …………………………………………………. 7, 10

**STATEMENT OF THE CASE**

Appellant pleaded guilty to DWI, third offense and was sentenced to ten (10) years, probated for ten years. The State moved to revoke, and Appellant filed an Application for Writ of Habeas Corpus, which, after hearing, was denied. That Application contested the use of a prior conviction to enhance the DWI to a felony. Appeal was made to the Sixth Court of Appeals in Texarkana, which affirmed the trial court in a Memorandum Opinion on or about June 13, 2017. A Petition for Discretionary Review was then filed on July 12, 2017. This Court granted discretionary review on September 13, 2017.

**STATEMENT REGARDING ORAL ARGUMENT**

This Court has stated that the case will be submitted on briefs without oral argument.

**SOLE ISSUE PRESENTED**

DID THE COURT OF APPEALS ERR IN FINDING THAT THE PRIOR CONVICTION FOR OPERATING A WATERCRAFT WHILE INTOXICATED WAS A FINAL CONVICTION?

NO. PD-0734-17

IN THE

# COURT OF CRIMINAL APPEALS

OF TEXAS
AUSTIN, TEXAS

# EX PARTE RUSSELL BOYD RAE,

APPELLANT

V.

THE STATE OF TEXAS,
APPELLEE

## BRIEF FOR APPELLANT
_____

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW RUSSELL BOYD RAE, and files this, his Brief in support of review of his conviction in the trial court for felony DWI and subsequent affirmance by the Sixth Court of Appeals, and would show:

## STATEMENT OF FACTS

Guilty Plea

Appellant was indicted for felony DWI, with two prior intoxication offenses alleged (CR 6). At his guilty plea (August 3, 2016) Appellant was

1

admonished by the trial court (1 RR 4-7), then entered his guilty plea (1 RR 7) to the charge of DWI, pleading guilty or "true" to the enhancement paragraphs (1 RR 8). The trial court accepted the pleas as voluntarily made, and asked the State for its evidence, consisting of a signed stipulation of evidence (1 RR 9). The State recommended ten years probated for ten years, fine of $3,500, and other conditions of probation, including 10 days in county jail (1 RR 9). Appellant agreed (1 RR 9). Trial court followed the agreement of the parties and entered judgment accordingly (1 RR 10; CR 8).

State's Petition to Revoke Probated Judgment

On or about November 10, 2016, there was filed the "State's Petition to Revoke Probated Judgment" (CR 11). Capias issued; Appellant was arrested and jailed. Thereafter, on his behalf a "Defendant's Motion to Quash Application for Revocation of Probation" was filed on December 27, 2016, with several exhibits attached (CR 13).

Hearing on Application for Writ of Habeas Corpus and Motion to Quash

On December 27, 2017, Appellant filed his Application for Writ of Habeas Corpus, pursuant to Art. 11.072, TEX. CODE CRIM. PROC. (CR 30). The State filed the "State's Response to Applicant's Application for Writ of Habeas Corpus and Motion to Quash" (CR 50).

2

At the hearing on February 23, 2017, Counsel for Appellant offered arguments and authorities on why the second conviction used for enhancement (boating while intoxicated, Cause No. 6513 from Marion County in 1993) was not a proper case to use for enhancement, requesting the trial court to declare the judgment in the case at bar void because of that infirmity (2 RR 3, 5). State's counsel countered by arguing that there is a distinction to be made between using a prior DWI for purposes of jurisdictional enhancement as opposed to using it for purposes of punishment (2 RR 6), urging the trial court to review her arguments in her "Response" (CR 50). During the hearing both parties agreed that the exhibits to their respective pleadings be admitted into evidence as exhibits, and the trial court approved (2 RR 6,7).

Thereafter, the trial court entered its "Order Denying Application for Writ of Habeas Corpus with Findings of Fact and Conclusions of Law" (CR 74).

Appeal

The Court of Appeals upheld the denial of habeas relief in *Ex parte Russell Boyd Rae*, 2017 Tex. App. LEXIS 5325 (Tex. App. – Texarkana, June 13, 2017).

**SUMMARY OF THE ARGUMENT**

The Court of Appeals failed to grasp the distinction between, on the one hand, the old law that pertained to "boating while intoxicated" as enacted in 1989 in TEXAS PARKS & WILDLIFE CODE §31.097(b), and, on the other hand, later law under the Texas Penal Code describing intoxication-related offenses and use of prior convictions. The law governing the use of prior conviction for "boating while intoxicated" on June 22, 1992 – the date of Appellant's prior offense -- provided that, if one successfully worked community supervision and was not revoked, then that "conviction" was never legally a "final conviction" for purposes of enhancement. TEX. PENAL CODE §49.09(c)(3)(C) and the repealing legislation in 1994 stated that an offense committed before its effective date, was covered by the law in effect when the offense was committed, and that the former law was continued in effect for that purpose.  Therefore, the later law found in TEX. PENAL CODE §49.09(b)(2), concerning what priors could be used to enhance a DWI to a felony, did not apply to Appellant. The same issue in 2003 was resolved in favor of Appellant by this Court; the law of the case or *stare decisis* should yield the same outcome.

4

**ARGUMENT**

**SOLE ISSUE, RESTATED**

DID THE COURT OF APPEALS ERR IN FINDING THAT THE
PRIOR CONVICTION FOR OPERATING A WATERCRAFT
WHILE INTOXICATED WAS A FINAL CONVICTION?

To elevate the DWI of June 21, 2015, to a third degree felony, the State relied upon two prior intoxication offenses: a conviction for DWI on January 28, 1987, in Cause No. 87-16 from Cass County, and a conviction for operating a boat while intoxicated on July 6, 1993, in Cause No. 6513 from Marion County. (*See*, Indictment, CR 6). That offense was committed on June 22, 1992 (*See*, Information, CR 17).

Part I. The Texas Parks & Wildlife Code is Different

In 1992 the offense of "boating while intoxicated" was found in TEX. PARKS & WILD. CODE, §31.097, in particular §31.097(b), TEX. PARKS & WILD. CODE, which stated, in relevant part: "No person may operate a moving vessel…while the person is intoxicated…" Punishment was also found in the same code, in §31.097(c), TEX. PARKS & WILD. CODE, giving a range of punishment to include a fine, jail, or a combination of both; subsequent subsections allowed for more severe punishment for repeat offenders. It was this law under which the State brought its complaint and

5

information in 1993 and for which Appellant was convicted in Cause No. 6513 in Marion County.

Exhibit A of Appellant's Application in Habeas Corpus (CR 36 ff) offers a copy of the "Information," showing Applicant's offense was alleged to have occurred on June 22, 1992. The Judgment and Order Granting Probation was entered on July 6, 1993. (Both the Information and Judgment are attached to this Brief as "Appendix A.") Though at one point the State moved to revoke that probation, the motion was eventually dismissed (CR 41-42). Thus, Appellant served out his probation without ever being revoked.

Appellant contends that the prior boating while intoxicated case could not be used to enhance his current offense to a third degree felony.[1] *See, Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). There, in an appeal of a conviction with assault with intent to commit rape, enhanced by two prior felony convictions to yield a life sentence, the Court of Criminal Appeals held that, absent an order revoking probation, a conviction is not "final" and may not be used for enhancement purposes; to do otherwise was a violation of due process of law. Similarly, because of its

---

[1] In that event, the highest level of offense in this matter would be a Class A misdemeanor. Appellant does not contest the use of the other misdemeanor conviction in Cause No. 87-16 from Cass County. *See*, TEX. PENAL CODE, §49.09(a).

own particular statute, the operation of a moving vessel while intoxicated or "boating while intoxicated" – when probated and not revoked – does NOT operate as an enhancing offense.

Because the 1992 case arose under a different statute, it differs from other intoxication offenses that involve a probated sentence linked to the operation of a motor vehicle. In the event of the latter, the case of *Ex parte Serrato*, 3 S.W.3d 41, 43 (Tex. Crim. App. 1999) held that "a probated DWI which occurred after January 1, 1984, but prior to September 1, 1994, may properly be used to enhance a sentence." That was the case, because the DWI statute then in effect, Article 6701*l*-1, V.A.C.S., specifically stated: "For purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated." *Ex parte Serrato*, at 43.

It might seem at first glance as if the prior watercraft/boating DWI would be available as an enhancement. TEX. PENAL CODE §49.09(b)(2) states that a DWI may be enhanced by any combination of prior intoxication convictions: driving, boating, or flying, and two of them will

serve to enhance to a third degree felony. However, TEX. PENAL CODE §49.09(c)(3), "Operating a watercraft while intoxicated," defines the offense, in relevant part:

"Offense of operating a watercraft while intoxicated means:

....

(C) an offense under Section 31.097, Parks and Wildlife Code, **as that law existed before September 1, 1994."**

(emphasis supplied)

That latter statute, TEX. PARKS & WILD. CODE §31.097, was the law in effect when Appellant was charged and received his probated sentence on July 6, 1993, the offense occurring on June 22, 1992. Consequently, Subsection (C) of TEX. PENAL CODE §49.09(c)(3) applies in the case at bar.

<u>Part II. Analysis of the Differences Between Texas Parks & Wildlife and Texas Penal Code</u>

That being the case, the next question is this:

Did Section TEX. PARKS & WILD. CODE §31.097 specify whether or not a probated conviction under that statute was final?

To answer that, one must review its legislative history. The entire statute, TEX. PARKS & WILD. CODE §31.097, as enacted into law by the 71st Legislature (effective, July 1, 1989) is attached as "Appendix B." The law

8

was amended by the 72nd Legislature, effective September 1, 1991, as seen in attached "Appendix C." Finally, the law was repealed by the 73rd Legislature, providing that "boating while intoxicated" offenses occurring on or after September 1, 1994, were to be prosecuted under §49.06, TEX. PENAL CODE, attached as "Appendix D." So the answer to the question above is this: Neither version of that statute, seen in Appendix B or C, stated that a probated sentence under TEX. PARKS & WILD. CODE §31.097 was available for enhancement. In fact, Chapter 900, §1.18(b) of the 1993 repealing legislation stated as follows, in relevant part:

…

"(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose."

(Appendix D).

Therefore, the law in effect on June 22, 1992, applied to Appellant's "boating while intoxicated" offense, not some law enacted at a later date. That means the pronouncement in *Ex parte Murchison* controls: only a conviction in a **revoked probation** -- only that sort of "final" conviction – can be used to enhance, not something less. Absent a specific statutory

directive such as found in Art. 6701*l*-1, V.A.C.S., or in TEX. PENAL CODE §49.09(d), a probated sentence from 1993 for boating while intoxicated is NOT a final conviction for purposes of enhancement, unless it is revoked and a final conviction entered. A successfully served probation – which happened in Cause No. 6513 – is not available for enhancement. *See also*, *Ex parte Langley,* 833 S.W.2d 141, 143 (Tex. Crim. App. 1992). There the defendant was convicted and given probation, then revoked and sentenced, but then given shock probation, setting the case back to the status of probation, which was unrevoked. It was error to use that case for enhancement. *See also, Nixon v. State*, 153 S.W.3d 550, 551 (Tex. App. – Amarillo 2004, pet. ref'd).

Part III. The Court of Appeals Did Not Grasp the Distinction

The Court of Appeals failed to grasp the distinction just made. Instead, it relied upon TEX. PENAL CODE §49.09(b)(2) which pertains to enhancing the DWI to a felony of the third degree if it is shown that the person has been convicted two times of any intoxication offense*. See, Ex parte Rae,* 2017 Tex. App. LEXIS 5325, *3 and n. 4, citing to TEX. REV. CIV. STAT. art. 6701*l*-1. Furthermore, the Court of Appeals cited to

*Rizo v. State*, 963 S.W.2d 137, 139 (Tex. App. – Eastland 1997, no pet.) to support its reasoning (*id*.).

However, *Rizo* is inapposite since it involved a conviction under an older **driving** while intoxicated statute, not a conviction for the **operation of a watercraft** while intoxicated under the TEX. PARKS & WILD. CODE. The Court of Appeals ignored the distinction about how the law concerning a conviction under the TEXAS PARKS & WILD. CODE applied to the prior Marion County case. The point is that, as such, that conviction was never final. It was an offense "covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose." (*See*, Chapter 900, §1.18(b), Appendix D, *post*).

Part IV.  Application of Law of the Case or *Stare Decisis*

This Court so held in 2003 in Cause No. 74,840, *Ex parte Russell Boyd Rae* (*per curiam* decision, December 3, 2003). In that case precisely the same issue arose over using the same Marion County operation of watercraft case, Cause No. 6513, to enhance a DWI in Gregg County to a felony in Cause No. 28,841-B. Part of the reasoning behind this Court's granting the writ was ineffectiveness of counsel "for failing to investigate one of the prior convictions used to elevate this offense to a felony." The

trial court found that the prior offense (i.e., Cause No. 6513) was not a final conviction available for enhancement purposes and that there was ineffectiveness of counsel in failing to investigate that prior conviction; the trial court recommended granting relief. This Court agreed with that recommendation and granted habeas corpus relief.

Although no ineffectiveness of counsel issue was raised in the current habeas application, the underlying determining consideration in Cause No. 74,840, *Ex parte Russell Boyd Rae* was the use of a prior conviction that was not final to enhance a misdemeanor DWI offense to a felony; this Court agreed with the trial court in 2003 that the "boating while intoxicated" conviction was not a final conviction; otherwise, there would have been no predicate for finding ineffectiveness. It was the same prior case that was used here: Cause No. 6513 from Marion County.

The principle of the "law of the case" or *stare decisis* applies to the instant case. This Court has written that " 'an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue.' Therefore, 'when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution.' Such a rule promotes 'judicial consistency and

efficiency.' " *State v. Swearingen*, 478 S.W.3d 718, 720 (Tex. Crim. App. 2015) (citing to *Swearingen v. State*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014).

What is that same issue? It is this: can the prior "conviction" of Appellant under the Texas Parks & Wildlife Code in Cause No. 6513 be used to enhance a subsequent DWI to a felony? The answer in 2003 was "no" and should still be "no" under the law of the case or *stare decisis*. It is the same defendant and the same prior and now an attempt – again – to use it to enhance.

Part V. Conclusion

Appellant would urge this Court in the case at bar to follow its own precedent, and apply the same reasoning it applied in reviewing that prior habeas application in Cause No. 74,840, *Ex parte Russell Boyd Rae* from 2003. Appellant contends that, in light of the foregoing, it is clear that the Court of Appeals erred in failing to find that the prior conviction in Cause No. 6513 was not a final conviction and could not be used for enhancement.

Appellant urges reversal of the Judgment of the Court of Appeal, finding that the prior conviction for boating while intoxicated in Cause No.

6513 from Marion County was never a final conviction for the purposes of enhancement, and remanding to the lower courts for appropriate relief, including a re-sentencing as a Class A misdemeanor, or, alternatively, a reformation of the sentence to show a conviction for a Class A Misdemeanor, and remand for a new hearing on punishment.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court, in consideration of the foregoing arguments and authorities, issue an opinion reversing the Court of Appeals' Judgment, remanding this cause to the trial court, vacating and setting aside the conviction as a felony, and, instead, reflecting a judgment of conviction as a Class A misdemeanor, and remand for a hearing on sentencing.

Respectfully submitted,

Hough-Lewis Dunn
Hough-Lewis ("Lew") Dunn
P.O. Box 2226
Longview, TX 75606
Tel. 903-757-6711
Fax 903-757-6712
Email: dunn@texramp.net
Texas State Bar No. 06244600
Attorney for Appellant

14

**CERTIFICATE OF SERVICE**

I hereby certify, by affixing my signature above, that a true and correct copy of the foregoing *Brief for Appellant*, was sent to the following person by certified mail, return receipt requested, on the  6th day of October, 2017, to Ms. Stacy M. Soule, State Prosecuting Attorney, at P.O. Box 13046, Austin, TX 78711-3046 and also sent by electronic means, and also a true and correct copy was sent by first class mail to Ms. Angela Smoak, Marion County & District Attorney, 102 W. Austin Street, Jefferson, TX 75657 and also sent by electronic means on the same date.

Hough-Lewis Dunn
Hough-Lewis Dunn

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with Rule 9, TEX. R. APP. PROC., regarding length of documents, in that, exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 2,703 words.

Hough-Lewis Dunn
Hough-Lewis Dunn

**APPENDIX A**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS.**

James P. Finstrom, County Attorney of the County of Marion, State of Texas, in behalf of said State, presents in the County Court of said County, at the April Term, 1993, of said Court, that Russell Boyd Rae on or about the 22nd day of June, 1992, and before the making and filing of this information, in the County of Marion, State of Texas did then and there intentionally and knowingly operate a moving vessel while intoxicated in that the said Russell Boyd Rae did not have the normal use of his mental and physical faculties by reason of the introduction into his body of alcohol, a controlled substance, or a combination of two or more of these substances into his body and Russell Boyd Rae while driving and operating a moving vessel was then and there intoxicated by reason of having an alcohol concentration of 0.10 or more in his blood, breath or urine.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

County Attorney of
Marion County, State of Texas



KATIE SUTTON

Information, Cause No. _6513_

# APPENDIX A

NO. 6513

THE STATE OF TEXAS

VS.

RUSSELL BOYD RAE

IN THE COUNTY COURT

IN AND FOR

MARION COUNTY, TEXAS

JUDGMENT AND ORDER GRANTING PROBATION

Judge Presiding:
Jerry Taylor

Date of Judgment:
7/6/93

Attorney for State:
James P. Finstrom

Attorney for Defendant:
Pro Se

Offense Convicted Of:
Operating a Boat While Intoxicated

Date Offense Committed:
6/22/92

Charging Instrument: Information
Where is it?

Plea: Guilty

Terms of Plea Bargain:

1. Misdemeanor probation, 90 days probated for 2 years;
2. Fine of $1000.00;
3. 40 hours of community service;
4. Restitution of $-0-
5. Pay all court costs, fines, court appointed attorney's fees monthly as a condition of probation

Costs: $241.00

Date Sentence Imposed: 7/56/93
Punishment and Place of Confinement: n/a

Time credited: N/A               Total Restitution: $

Concurrent Sentence Unless Otherwise Specified:


JUDGMENT

On this date, this cause was called for trial, and the State appeared by James P. Finstrom, her County Attorney/District Attorney, and the Defendant, Russell Boyd Rae, appeared in person in open court, and the said defendant having duly waived arraignment, pleaded guilty to the information herein, both parties having announced ready for trial, and thereupon a trial by jury was waived by all parties and the defendant waived reading of the information and pleaded guilty thereto, and the Court having heard the evidence submitted and having heard the arguments of both sides finds that defendant is guilty of the misdemeanor offense of operating a boat while intoxicated and punishment is fixed at confinement in the Marion County Jail for a period of 90 days and a fine of $1000.00 and the defendant

Judgment and Order Granting Probation - Page 1

having made application for probation and the Court being of the opinion that probation should be granted in this cause as to the sentence but not as to the fine, it is hereby ORDERED that the imposition of sentence is suspended during the good behavior of the defendant, and the defendant is hereby placed on probation for a term of **2 years** beginning on this date under the supervision of the Court and the duly appointed and acting adult probation officer of Marion County, Texas, subject to the terms and conditions of probation imposed per draft on file, a copy of which is given to the defendant in open court.

The Clerk of this Court is directed to furnish Defendant herein a certified copy of the terms and conditions of his probation, and to take Defendant's receipt therefor.

SIGNED AND ENTERED this 23 day of July, 1993.

_____
Judge Presiding

**Judgment and Order Granting Probation - Page 2**

# APPENDIX B

APPENDIX B

then existing, including weather and density of traffic, or ⎯ permit him, in the exercise of reasonable care, to bring the ⎯op within the assured clear distance ahead.

⎯ commission may provide for the standardization of speed limits for ⎯ssels. No political subdivision or state agency may impose a speed ⎯ conformity with the commission's standards.

⎯th Leg., p. 1405, ch. 545, § 1, eff. Sept. 1, 1975. Amended by Acts 1989, ⎯, ch. 313, § 1, eff. Sept. 1, 1989.

### Historical and Statutory Notes

The 1989 amendment designated the text as subsec. (a), and added subsec. (b).

**Prior Law:**
Acts 1959, 56th Leg., p. 369, ch. 179.

Acts 1965, 59th Leg., p. 1540, ch. 676, § 1.
Acts 1971, 62nd Leg., p. 2935, ch. 971, § 13.
Vernon's Ann.P.C. (1925) art. 1722a, § 13.
Acts 1973, 63rd Leg., p. 995, ch. 399, § 5.
Vernon's Ann.Civ.St. art. 9206, § 13.

## § 31.096. Reckless Operation and Excessive Speed

No person may operate a vessel or manipulate water skis, an aquaplane, or a similar device on the water of this state in wilful or wanton disregard of the rights or safety of others or without due caution or circumspection, and at a speed or in a manner that endangers, or is likely to endanger, a person or property.

Acts 1975, 64th Leg., p. 1405, ch. 545, § 1, eff. Sept. 1, 1975. Amended by Acts 1985, 69th Leg., ch. 267, art. 3, § 10, eff. Sept. 1, 1985.

### Historical and Statutory Notes

The 1985 amendment deleted "(a)" at the beginning of the section and deleted former subsec. (b) which read:

"A person who violates this section is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $25 nor more than $500."

**Prior Law:**
Acts 1959, 56th Leg., p. 375, ch. 179, § 14.
Acts 1965, 59th Leg., p. 1540, ch. 676, § 1.
Acts 1971, 62nd Leg., p. 2938, ch. 971, § 24(e).
Vernon's Ann.P.C. (1925) art. 1722a, § 24(e).
Acts 1973, 63rd Leg., p. 995, ch. 399, § 5.
Vernon's Ann.Civ.St. art. 9206, § 24(e).

## § 31.097. Operation of Vessel While Intoxicated

(a) In this section:

(1) "Alcohol concentration" means:

(A) the number of grams of alcohol per 100 milliliters of blood;

(B) the number of grams of alcohol per 210 liters of breath; or

(C) the number of grams of alcohol per 67 milliliters of urine.

(2) "Alcoholic beverage" has the meaning assigned by Section 1.04, Alcoholic Beverage Code.

(3) "Controlled substance" has the meaning assigned by Section 1.02, Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes).[1]

(4) "Controlled substance analogue" has the meaning assigned by Section 1.02, Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes).

(5) "Drug" has the meaning assigned by Section 1.02, Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes).

(6) "Intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a controlled substance analogue, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

(7) "Serious bodily injury" means injury that creates a substantial risk of death or that causes serious temporary or permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.

(b) No person may operate a moving vessel or manipulate water skis, an aquaplane, or a similar device while the person is intoxicated. For the purpose of this section, a vessel does not include any device that is propelled solely by the current of the water. A person who violates this subsection commits an offense.

(c) Except as provided by Subsections (d), (e), and (f) of this section, an offense under Subsection (b) of this section is punishable by:

(1) a fine of not less than $100 or more than $1,000;

(2) confinement in jail for a term not to exceed 180 days; or

(3) both the fine and confinement in jail.

(d) If it is shown at the trial of a person that the person has previously been convicted once of an offense under Subsection (b) of this section, the offense is punishable by:

(1) a fine of not less than $300 or more than $2,000;

(2) confinement in jail for a term not to exceed one year; or

(3) both the fine and confinement in jail.

(e) If it is shown at the trial of a person that the person has previously been convicted two or more times of an offense under Subsection (b) of this section, the offense is punishable by:

(1) a fine of not less than $500 or more than $2,000; and

(2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

(f) A conviction under Subsection (b) of this section may not be used for the purpose of enhancement under Subsection (d) or (e) if:

(1) the conviction was for an offense committed more than five years before the offense for which the person is being tried was committed; and

249

(2) the person has not been convicted of an offense under Subsection (b) committed within five years immediately preceding the date on which the offense for which the person is being tried was committed.

(g) If it is shown at the trial of a person punished for an offense under Subsection (c), (d), or (e) of this section that the person committed the offense and as a direct result of the offense another person suffered serious bodily injury, the minimum term of confinement for the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $500.

(h) A person who operates a moving vessel or manipulates water skis, an aquaplane, or a similar device is deemed to have given consent, subject to this section, to the taking of one or more specimens of the person's breath or blood for the purpose of analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, controlled substance analogue, or drug if the person is arrested for any offense arising out of acts alleged to have been committed while the person was operating or in actual physical control of a moving vessel or manipulating water skis, an aquaplane, or a similar device while intoxicated. A person so arrested may consent to the giving of any other type of specimen to determine the person's alcohol concentration, but the person is not deemed, solely on the basis of the person's operation of a moving vessel or manipulating water skis, an aquaplane, or a similar device, to have given consent to give any specimen other than a specimen of the person's breath or blood. The specimen or specimens shall be taken at the request of a peace officer having probable cause to believe the person was operating or in actual physical control of a moving vessel or manipulating water skis, an aquaplane, or a similar device while intoxicated.

(i) When a person gives a specimen of blood at the request or order of a peace officer under this section, only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may withdraw a blood specimen for the purpose of determining the alcohol concentration or presence of a controlled substance, controlled substance analogue, or drug in the blood. The sample must be taken in a sanitary place inspected periodically by the county in which the sample is taken or in a physician's office or a hospital licensed by the Texas Department of Health. This limitation does not apply to the taking of specimens of breath, urine, or bodily substances other than blood. The person drawing the blood specimen at the request or order of a peace officer under this section or the hospital where that person is taken for the purpose of securing the blood specimen is not liable for damages arising from the request or order of the peace officer to take the blood specimen as provided by this section, if the blood specimen was withdrawn according to recognized medical procedures. This subsection does not relieve a person from liability for negligence in withdrawing a blood specimen. Breath specimens taken at the request or order of a peace officer must be taken and analysis made under conditions prescribed by Subsection (b),

Section 3, Chapter 434, Acts of the 61st Legislature, Regular Session, 1969 (Article 6701*l*-5, Vernon's Texas Civil Statutes).

(j) A person who gives a specimen of breath, blood, urine, or other bodily substance under this section may, on request and within a reasonable time not to exceed two hours after the arrest, have a physician, qualified technician, chemist, or registered professional nurse of the person's own choosing draw a specimen and have an analysis made of the person's blood in addition to any specimen taken and analyzed at the direction of a peace officer. The failure or inability to obtain an additional specimen or analysis by a person does not preclude the admission of evidence relating to the analysis of the specimen taken at the direction of the peace officer under this section.

(k) On the request of a person who has given a specimen at the request of a peace officer, full information concerning the analytical results of the test or tests of the specimen shall be made available to the person or the person's attorney.

(*l*) If for any reason the person's request to have a chemical test is refused by the officer or any other person acting for or on behalf of the state, that fact may be introduced into evidence at the person's trial.

(m) If the person refuses a request by an officer to give a specimen of breath or blood, whether the refusal is express or the result of an intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial.

(n) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen that refusal may be admissible in a subsequent prosecution. The officer shall provide the person with a written statement containing this information. If the person refuses the request of the officer to give a specimen, the officer shall request the person to sign a statement that the officer requested that the person give a specimen, that the person was informed of the consequence of not giving a specimen, and that the person refused to give a specimen.

(o) Except as provided by Subsection (q) of this section, if a person under arrest refuses upon request of a peace officer to give a specimen designated by the peace officer as provided by Subsection (h), a specimen may not be taken.

(p) A person who is dead, unconscious, or otherwise in a condition rendering the person incapable of refusal, whether the person is arrested or not, is deemed not to have withdrawn the consent provided by Subsection (h) of this section. If the person is dead, a specimen may be withdrawn by the county medical examiner or the examiner's designated agent or, if there is no county medical examiner for the county, by a licensed funeral director or a person authorized as provided by Subsection (i) of this section. If the person is not dead but is incapable of refusal, a specimen may be withdrawn by a person authorized as provided by Subsection (i) of this section. Evidence of alcohol concentration or the presence of a controlled substance, controlled substance

analogue, or drug obtained by an analysis authorized by this subsection is admissible in a civil or criminal action.

(q) A peace officer shall require a person to give a specimen if:

(1) the officer arrests the person for an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or this section;

(2) the person is the operator of a vessel involved in an accident that the officer reasonably believes occurred as a result of the offense;

(3) at the time of the arrest the officer reasonably believes that a person has died or will die as a direct result of the accident; and

(4) the person refuses the officer's request to give a specimen voluntarily.

Acts 1975, 64th Leg., p. 1405, ch. 545, § 1, eff. Sept. 1, 1975. Amended by Acts 1985, 69th Leg., ch. 267, art. 3, § 11, eff. Sept. 1, 1985; Acts 1989, 71st Leg., ch. 185, § 1, eff. July 1, 1989.

¹ Repealed; see, now, V.T.C.A. Health and Safety Code, § 481.002.

### Historical and Statutory Notes

The 1985 amendment deleted "(a)" at the beginning of the section and deleted former subsec. (b), which read:

"A person who violates this section is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $50 nor more than $500 or by confinement in the county jail for not more than six months, or by both."

The 1989 amendment rewrote this section which previously read:

"No person may operate a vessel or manipulate water skis, an aquaplane, or a similar device in a careless or imprudent manner while he is intoxicated or under the influence of intoxicating liquor or while he is under the influence of a narcotic drug, barbiturate, or marijuana."

Section 3 of the 1989 amendatory act provides:

"This Act takes effect on the first day of the first month that begins more than 14 days after the date the Act is either signed by the gover-

nor or becomes law without the governor's signature [signed May 26, 1989]. This Act applies to an offense under Section 31.097, Parks and Wildlife Code, committed on or after the effective date. An offense committed before the effective date of this Act is punishable under the law in existence at the time the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before that date."

**Prior Law:**

Acts 1959, 56th Leg., p. 374, ch. 179, § 11(d).
Acts 1965, 59th Leg., p. 1540, ch. 676, § 1.
Acts 1971, 62nd Leg., p. 2938, ch. 971, § 24(d).
Acts 1973, 63rd Leg., p. 1171, ch. 429, § 6.03(i).
Vernon's Ann.P.C. (1925) art. 1722a, § 24(d).
Acts 1973, 63rd Leg., p. 995, ch. 399, § 5.
Vernon's Ann.Civ.St. art. 9206, § 24(d).

## § 31.098. Hazardous Wake or Wash

No person may operate a motorboat so as to create a hazardous wake or wash.

Acts 1975, 64th Leg., p. 1405, ch. 545, § 1, eff. Sept. 1, 1975.

### Historical and Statutory Notes

**Prior Law:**
Acts 1959, 56th Leg., p. 369, ch. 179.
Acts 1965, 59th Leg., p. 1540, ch. 676, § 1.

Acts 1971, 62nd Leg., p. 2936, ch. 971, § 15.
Vernon's Ann.P.C. (1925) art. 1722a, § 15.

APPENDIX C

APPENDIX C

**Historical and Statutory Notes**
**1991 Legislation**
Section 7.09(b) of the 1991 amendato provides:

"The change in law mad. not affect taxes imposed ,

date of th:~ article and the law in effect befc this article is continued the liability for and coll

**§ 31.052. Security '**

(a) Except . statutory liens certificate of t. applies.

...s code and except fc otor shall be noted on th ~ich the security intere:

Amended by Acts 19: ...u Leg., ., 1991.

## SUBCHAP1 . ... BOATING REGULATIONS

**Cross References**
Boat or motor manufacturers, distributors, and dealers, see Vernon's Ann.Civ.St. art. 8911.

### § 31.097. Operation of Vessel While Intoxicated
(a) In this section:

*[See main volume for text of (a)(1) and (2) ]*

(3) "Controlled substance" has the meaning assigned by Section 481.002, Health and Safety Code.
(4) "Controlled substance analogue" has the meaning assigned by Section 481.002, Health and Safety Code.
(5) "Drug" has the meaning assigned by Section 481.002, Health and Safety Code.

*[See main volume for text of (a)(6) to (q)]*

Amended by Acts 1991, 72nd Leg., ch. 14, § 284(45), eff. Sept. 1, 1991.

**Cross References**
Breath alcohol testing program, costs, see Vernon's Ann.C.C.P. art. 102.016.

### § 31.1021. Operating Vessels in Scuba Diving or Snorkeling Areas

*[See main volume for text of (a) to (e)]*

(f) In this section, " 'diver down' flag" means a square or rectangular red flag, at least 15 inches by 15 inches, that has a diagonal white stripe.

Amended by Acts 1991, 72nd Leg., ch. 226, § 1, eff. Sept. 1, 1991.

# APPENDIX D

Acts 1973, 63rd Leg., p. 995, ch.
Vernon's Ann.Civ.St. art. 9206, §

# APPENDIX D

:. (1925) art. 1722a, § 11.
.eg., p. 995, ch. 399, § 5.
:.St. art. 9206, § 11.

Shipping ⊂⇒ 11.
WESTLAW Topic No. 354.
C.J.S. Shipping § 8.

## § 31.097. Repealed by Acts 1993, 73rd Leg., ch. 900, § 1.12, eff. Sept. 1, 1994

### Historical and Statutory Notes

speed greater than is
onditions and hazards,
id density of traffic, or
able care, to bring the

The repealed section, providing for the offense of operating a vessel while intoxicated, was derived from:
Acts 1959, 56th Leg., p. 374, ch. 179, § 11(d).
Acts 1965, 59th Leg., p. 1540, ch. 676, § 1.
Acts 1971, 62nd Leg., p. 2938, ch. 971, § 24(d).
Acts 1973, 63rd Leg., p. 1171, ch. 429, § 6.03(i).
Vernon's Ann.P.C. (1925) art. 1722a, § 24(d).
Acts 1973, 63rd Leg., p. 995, ch. 399, § 5.
Vernon's Ann.Civ.St. art. 9206, § 24(d).
Acts 1975, 64th Leg., p. 1405, ch. 545, § 1.
Acts 1985, 69th Leg., ch. 267, art. 3, § 11.
Acts 1989, 71st Leg., ch. 185, § 1.

Acts 1991, 77nd Leg., ch. 14, § 284(45).
Section 1.18 of the 1993 repealing act provides:

"(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.

"(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose."

See, now, V.T.C.A. Penal Code, § 49.06.

ion of speed limits for
y may impose a speed

Amended by Acts 1989.

. (1925) art. 1722a, § 13.
eg., p. 995, ch. 399, § 5.
.St. art. 9206, § 13.

## § 31.098. Hazardous Wake or Wash

No person may operate a motorboat so as to create a hazardous wake or wash.

Acts 1975, 64th Leg., p. 1405, ch. 545, § 1, eff. Sept. 1, 1975.

### Historical and Statutory Notes

Prior Laws:
Acts 1959, 56th Leg., p. 369, ch. 179.
Acts 1965, 59th Leg., p. 1540, ch. 676, § 1.
Acts 1971, 62nd Leg., p. 2936, ch. 971, § 15.

Vernon's Ann.P.C. (1925) art. 1722a, § 15.
Acts 1973, 63rd Leg., p. 995, ch. 399, § 5.
Vernon's Ann.Civ.St. art. 9206, § 15.

<is, an aquaplane, or a
inton disregard of the
:umspection, and at a
ndanger, a person or

### Library References

Shipping ⊂⇒ 11.
WESTLAW Topic No. 354.
C.J.S. Shipping § 8.

Amended by Acts 1985.

## § 31.099. Circular Course Around Fisherman or Swimmer

(a) No person may operate a motorboat in a circular course around any other boat any occupant of which is engaged in fishing or around any person swimming.

Leg., p. 2938, ch. 971

(1925) art. 1722a, § 24(c)